[No. 33402.  *En Banc.*  July 3, 1956.]

HENRY D. FRENCH, *Plaintiff and Relator*, v. LIONEL E. CHASE, *Defendant*, FIREMEN'S FUND INDEMNITY COMPANY, *Garnishee Defendant*, THE SUPERIOR COURT FOR KITSAP COUNTY, *H. G. Sutton, Judge, Respondent.*[1]

*D. V. Morthland* and *Norman R. Nashem, Jr.*, for plaintiff and relator.

*Edwin R. Johnson*, for defendants.

PER CURIAM.—Henry D. French obtained a judgment for $7,200 in a personal injury action against Lionel E. Chase, in the superior court for Kitsap county. Chase appealed but did not supersede the judgment. Subsequent thereto, French caused a writ of garnishment to be issued against the Firemen's Fund Indemnity Company. It answered the writ, as garnishee defendant, admitting the existence of an insurance contract with Chase and alleged that its liability thereunder was five thousand dollars. At the same time, the insurance company petitioned the court for permission to file a supersedeas bond in the sum of five thousand dollars pending the outcome of the appeal on the original action. French moved for judgment against the garnishee defendant insurance company. The trial court ordered

[1]Reported in 299 P. (2d) 215.

" . . . that the Garnishee Defendant . . . deposit in the court with the clerk the sum of $5,608.30 to stay proceedings on the writ of garnishment herein pending the outcome of the appeal of the defendant from judgment entered in the above entitled matter April 18, 1955."

French then petitioned this court for a writ of mandate to compel the trial court to enter judgment against the garnishee defendant for five thousand dollars plus costs and interest. An alternative writ of mandate was issued, and the matter was heard by this court.

Subsequently, the judgment in the damage action was reversed and the cause remanded with instructions to grant a new trial. *French v. Chase,* 48 Wn. (2d) 825, 297 P. (2d) 235.

The judgment against the defendant in the amount of $7,200 having been reversed, there is at the present time no basis for which a judgment in the garnishment action could be obtained against the garnishee defendant. The matter before the court in this proceeding is therefore moot, and the writ is denied.